JOHNSON, CITY COMPTROLLER ET AL. *v.* LENZ.

[No. 26,409. Filed March 6, 1936.]

*Harry Long, Gilbert Gruenberg* and *Roswell B. Johnson,* for appellants.

*Alexander C. Pendleton* and *Abe Hyman,* for appellee.

FANSLER, J.—Appellee brought this action to enjoin appellants from going forward with certain public work, upon the ground that the ordinance making the appropriation therefor is void. There was a trial, and special findings of fact and conclusions of law, and judgment as prayed. Error is assigned upon exceptions to the conclusions of law.

On the 3rd day of April, 1933, the common council of the city of Gary adopted an ordinance which, after declaring in the preamble that $15,000 had been appropriated in the budget ordinance for the year 1933, for defraying election expenses, and that the elections had been postponed by the legislature, and that the $15,000 has reverted to the general fund and is unappropriated for any other purpose, and declaring further that there is an emergency and necessity for straightening, altering, and deepening a creek within the city limits, appropriated $5,000 out of the general fund with which to pay for the straightening, altering, and deepening of the creek in question, and authorized the board of public works to let a contract therefor. This ordinance was

passed and adopted, upon recommendation of the comptroller, by two-thirds' vote of the council and without notice to the taxpayers of the city.

It appears that the injunction was issued below upon the theory that this appropriation ordinance is void for failure to comply with chapter 95 of the Acts of 1927, page 247. (§64-1331, Burns' Ann. St. 1933.) The statute referred to provides that the several tax levies and rates for municipal corporations shall be established after the formulation and publication of a budget, and after a public hearing thereon; that ten taxpayers may appeal from the rates so fixed and determined to the state board of tax commissioners, whose ruling thereon shall be final and conclusive. The statute provides that: "When such state board of tax commissioners in its order shall order a reduction in the levy it shall indicate the item or items in the budget affected by such reduction, and the budget as set out by the municipal officers in the published statement or as modified on hearing by the state board shall limit the expenditure for the year, except in cases of casualty or accident or extraordinary emergency. In the event the proper legal officers of any municipal corporation shall contemplate to meet the emergency and determine the expenditure of more money for the current year than was set out in detail in the published budget or in the budget as modified as a result of a hearing before the state board of tax commissioners, said officers shall give ten (10) days' notice by publication as herein provided for publication of the budget and proposed tax levy of such additional amount proposed to be expended, fixing a date when the same shall be considered and determined upon, and taxpayers shall have a right to be heard thereon." There follows a provision for an appeal by ten taxpayers, as in the original fixing of the budget.

Appellants contend that the statute does not apply;

that the procedure is controlled by chapter 129 of the Acts of 1905, page 219. (Burns' Ann. St· 1933, §48-1506.) This statute antedates the Budget Law. It provides that it shall be the duty of each executive department, "at the time provided by law," which is before the tax levies are to be fixed, to submit to a ʻjoint meeting of department heads an estimate of the amount of money required for their department during the ensuing year. It is provided that the comptroller shall at the time submit an estimate of city expenditures for other purposes, over and above the money proposed to be used by the various executive departments; that after consultation the comptroller shall proceed to revise such estimates, and shall prepare a report to the mayor of the various estimated amounts, with an estimate of the necessary per cent of taxes to be levied. It is provided that the mayor shall present the report, with his recommendations thereon, at the next meeting of the common council; that it shall be the duty of the finance committee to prepare an ordinance fixing the rate of taxation for the ensuing year, and also an ordinance making appropriations by items for the use of the various executive departments and other city purposes for the ensuing year; and that such appropriation ordinance shall thereafter be promptly acted upon. It is then provided that: "If at any time after the passage of such ordinance an emergency should arise for further appropriations for the use of any department, on the representation of such department, as hereinbefore provided, or for other purposes during the year, such additional appropriations may be made on the recommendation of the controller, by a two-thirds vote of the council." The last sentence, which follows the quotation, was added by amendment in 1933.

Appellants contend that under this statute it is not necessary to give a notice to the taxpayers when an

appropriation is made for purposes not contained in the budget, for the reason that the provision of the statute quoted authorizes such appropriation in an emergency, upon recommendation of the comptroller, upon two-thirds' vote of the council. But the same statute authorizes the fixing of a rate of taxation, and the making of appropriation by items for the use of various executive departments, and other city purposes, by a majority vote of the council, without saying anything about a notice to taxpayers. This statute must be read in connection with the statute first quoted from. The act of 1905 provided for the procedure within the city government by which budget estimates were formed and submitted to the council and enacted into law, and the manner in which emergency appropriations should originate and be enacted into law. The latter or Budget Statute supplemented the former by requiring that in the case of the original budget and rate-fixing ordinance, and in the case of an emergency appropriation ordinance, there must be notice to the public and an opportunity for taxpayers to appeal to the state tax board. There is nothing inconsistent in the two statutes. They are to be read together, and they operate together, the latter supplementing the former. The purpose of the Budget Statute to procure a hearing for the taxpayers in which they will be advised of the purposes for which funds are to be expended, and the limit of the amount to be expended for each purpose, is expressed in clear and unambiguous language. The provision that the budget as originally adopted, or as modified, shall limit the expenditures for the year clearly means that it shall limit the purposes for which expenditures may be made, as well as the amount of the expenditures; and the provision that, if the officers shall in an emergency contemplate the expenditure of more money "than was set out in detail in the published budget or in the budget

as modified," they shall be required to give ten days' notice to the taxpayers, cannot be construed otherwise than consistently with the plain intent and purpose of the entire act, that taxpayers shall have an opportunity to be heard, and to appeal, upon the question of the purposes for which money is to be spent and the amount of the expenditure. Since the notice required by statute was not given, the appropriation ordinance is void.

Judgment affirmed.