CHARLES L. GENTRY *v.* ROBERT G. LAKEY ET AL.

[No. 271A29. Filed December 30, 1971.
Rehearing denied February 10, 1972.]

*Vincent Kelley, Kelley, Arnold & Howard,* of counsel, of Anderson, for appellant.

*Richard E. Kreegar, Don LaPierre,* of Anderson, *Seal & Seal,* of Washington, for appellees.

ROBERTSON, J.—Plaintiff-appellees, each owning 25% of the corporate stock, filed a complaint against defendant, owner of the remaining 50% of the stock, for fraud, misappropriation of corporate funds, and an accounting. After a trial by the court, a judgment of $67,359.92 was granted to the plaintiffs.

A corrected judgment making the award payable to the corporation instead of plaintiffs rendered moot several specifications of the Motion to Correct Errors. Several other specifications were waived in argument, leaving these matters for our decision:

1. Failure by the trial court to allow to the defendant a credit for life insurance premiums.

2. Failure to charge one of the plaintiffs with an improper debt write-off.

3. The improper admission of one of plaintiffs' exhibits.

4. The assessing of $100 costs to the defendant for a continuance during the trial.

The first two items require this court to weigh the evidence which is beyond our province. There was evidence, and the resulting inferences therefrom, from which the trial court could have found as he did. Therefore, no error exists.

The disputed exhibit is an assignment of a life insurance policy which the defendant maintains is not admissible because it is not an original document; there was no certification that it was a true copy of an original, nor was it authenticated. Admissibility of this document is not error and is covered by the following statutes:

"Business records—Preservation by photographic process —Disposal of original.—Any business may cause any or all records kept by such business to be recorded, copied or reproduced by any photographic, photostatic or miniature photographic process which correctly, accurately and permanently copies, reproduces or forms a medium for copying or reproducing the original record on a film or other durable material, and such business may thereafter dispose of the original record." IC 34-3-15-1, Ind. Ann. Stat. § 2-1656 (Burns' 1968.)

"Photographic copies—Admissibility in evidence.—Any such photographic, photostatic or miniature photographic copy or reproduction shall be deemed to be an original record for all purposes and shall be treated as an original record in all courts or administrative agencies for the purpose of its admissibility in evidence. A facsimile, exemplication or certified copy of any such photographic copy or reproduction shall, for all purposes, be deemed a facsimile, exemplification or certified copy of the original record." IC 34-3-15-2, Ind. Ann. Stat. § 2-1657 (Burns' 1968.)

TR. 53.3, dealing with continuances, gives the trial judge authority to "award such costs as will reimburse the other parties for their actual expenses incurred from the delay." Gentry here complains that the court had no evidence before it upon which to base such an award. The record reveals that the motion for the continuance came at the conclusion of plaintiff's case and was granted for the purpose of allowing an audit of corporate records which had

just been received by the defendant. We are of the opinion that the trial court acted within his discretion in allowing the $100 costs. The effort involved in rearranging appointments, and schedules, witnesses, etc., would rarely be covered by such a nominal amount. This does not preclude the trial court from taking evidence on matters of this kind in the future, however.

Having found no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Sullivan, P. J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 857.