GEORGE MEINSCHEIN *v.* J. R. SHORT MILLING COMPANY.

[No. 1-173A11.  Filed July 19, 1973.]

*Gary L. Gerling, Rodney H. Grove, Ralph E. Moore, David O. Kelley, Gerling, Grove & Moore,* of Evansville, for appellant.

*Harry P. Dees, Joseph A. Yocum, Thomas O. Magan, Kahn, Dees, Donovan & Kahn,* of Evansville, for appellee.

LOWDERMILK, J.—This action was commenced by a complaint in two legal Paragraphs naming the defendant-appellant, the City of Mt. Vernon, Indiana, together with the mayor and members of the Common Council thereof as defendants. The first Paragraph prayed that Ordinance No. 1301 of said city and a certain lease executed pursuant thereto be declared illegal, unlawful and void and that the defendants be enjoined from exercising any rights thereunder.

The prayer to the second legal Paragraph of complaint asked for the same relief.

The cause was submitted to the court and all defendants except defendant-appellant herein were called and defaulted. The cause was submitted to the court upon stipulation of facts and no other evidence was offered.

Prior to the submission plaintiff-appellee amended the prayer of Count 2 to include in the prayer that "the Powers of Cities Act" be declared unconstitutional. The court entered its special findings of fact and conclusions of law and rendered judgment thereon for the plaintiff-appellee, holding therein that the lease by the city to the defendant was void on statutory grounds.

The evidence discloses that the City of Mt. Vernon, pursuant to a special ordinance, entered into a lease agreement with appellant, whereby appellant could use river front property for a marina operation; the city would close certain

streets on certain specified days and also on other days at appellant's request.

The primary issue in this appeal is whether the city had statutory power to enter into the lease created by the ordinance. Powers of cities are created and limited by statute, with the prevailing law being Ind. Ann. Stat. § 48-1451, *et seq.* (Burns 1963 Replacement) [Powers of Cities Act.]

Under the Powers of Cities Act, it would appear that a city might use (and, naturally, lease) its property as it sees fit.

"48-1452—IC 18-1-1.5-2 Corporate and procedural powers—A city shall have power to establish and operate a government for the purpose of carrying out its powers and functions. The power to establish, control and operate a government shall include, but not be limited to, the power to:
* * *
(d) Use, protect, maintain and dispose of interests in real or personal property owned by the city;
* * *"

Cities are granted residual powers to exercise their discretion as long as the power used or action taken is not specifically limited by statute, unlawful, or unconstitutional. (Burns § 48-1466) The powers of cities are to be construed liberally with all doubts resolved in favor of the city. (Burns § 48-1473)

Generally, no other law will pre-empt the Powers of Cities Act, with the following exception:

"48-1474 IC 18-1-1.5-24 Pre-emption rules.—* * *
(b) Except as otherwise provided in this chapter [§§ 48-1451—48-1480], no law of the general assembly approved before the effective date of this chapter shall be construed as indicating the intention of the general assembly to pre-empt the subject of such law or to occupy the field in which such act operates, so as to deny or supersede the power of any city to enact an ordinance or exercise a power dealing with the same subject matter, unless such law contains

an express provision indicating such intention, or unless the terms and provisions of such law are so comprehensive as to completely occupy the field of such subject matter, and clearly indicate the intention of the general assembly to preclude any action by a city relating to the same subject matter. Any state law whose provisions are mandatory and obligatory upon a city or upon any officers thereof shall be deemed to pre-empt the subject matter of such law and such law shall indicate the intent of the general assembly to occupy the field in which such law operates."

The trial court found that the lease in question was prohibited by a statute which falls within the pre-emption rule above. The controlling statute reads as follows:

"48-6938. IC 18-5-29-1 Lease of unused city-owned real estate—Purpose.—Any city of the fifth class owning real estate which is no longer used for municipal purposes may lease all or part of the right, title and interest of any such city in and to such real property to any private not for profit corporation or organization located in any such city, for the purpose of conducting recreational activities and making improvements thereon for such purposes without obligation to the city and subject to approval by the common council of the city."

It is appellant's position that Burns § 48-6938 is permissive in nature and not mandatory and only defines one possible leasing situation, while the Powers of Cities Act grants much broader powers to lease and is controlling in this case. Appellant in his brief cites many cases discussing statutory interpretation. However, it is necessary that this court interpret these statutes to determine if the trial judge's findings and conclusions are correct.

It is our opinion that § 48-6938 expresses a legislative intent to completely occupy the field of the subject matter and precludes any action by a city relating to that subject matter for the following reasons:

(1) The Powers of Cities Act, passed in 1971, did not specifically repeal § 48-6938, duly enacted into law just two years earlier in 1969;

(2) The Powers of Cities Act speaks generally of "use" of land, while § 48-6938 deals specifically with the leasing of land;

(3) The Powers of Cities Act applies generally to all classes of cities, while § 48-6938 specifically refers to cities of the fifth class and is the only such class limitation in that section [§ 48-6931, *et seq.;* Transfer and Disposition of Property and Funds of Cities and Towns.];

(4) The word "may" as used in § 48-6938 is not permissive as contended by appellant, but, rather, directive in nature, as the word "shall" would be totally inappropriate in the context of the statute;

(5) The words "to any private not for profit corporation or organization located in any such city" are words of limitation expressing a legislative intent that such corporations or organizations are the only allowable lessees, as the city could lease to any qualified person or entity had these words of limitation been deleted from the statute.

For the above stated reasons, it is our opinion that the intent of the Legislature is crystal clear as to the leasing of unused property by a fifth class city. The use to be made of such property (i.e., recreational activities) and the limiting factors discussed herein are peculiarly applicable to the factual situation in this case. Thus, § 48-6938 must pre-empt the Powers of Cities Act on its face in accordance with the specific pre-emption rules stated in the Act (§ 48-1474(b) *supra.*)

Defendant-appellant's next contention is that an injunction will not lie in the instant case as the plaintiff-appellee has not alleged injury and injunctive relief cannot be granted unless the complaining party suffered prior damage.

Plaintiff-appellee counters this argument and insists that a taxpayer, citizen and an adjoining land owner, such as the

plaintiff-appellee herein, is a proper party to charge an illegal act of the Common Council and that as a practical matter would be the only party who would be inclined to initiate an expensive lawsuit to prevent the Common Council from illegally leasing valuable city owned real estate to a private person for that person's own profit making purpose.

This action is in law and in equity. Equitable relief is available to the plaintiff-appellee as it is not necessary that he show damage to himself in an action to enjoin the city from committing an unlawful act or acts and further he did not have an adequate legal remedy at law.

The case of *Pippenger* v. *City of Mishawaka* (1949), 119 Ind. App. 397, 88 N.E.2d 168, was an action against the city and a railroad company for an order declaring the vacation of certain city streets void and to enjoin the defendants from further obstructing such streets.

The court, in passing on that case, said:

". . . This is a suit brought by the appellants as taxpayers of the city of Mishawaka to establish the right of the public, including themselves, to use the streets vacated. It was held in *Zoercher* v. *Alger* (1930), 202 Ind. 214, 172 N.E. 186, 172 N.E. 907, 70 A. L. R. 1232, that a taxpayer has a substantial interest in the subject matter of litigation to determine and establish public rights and as such may maintain the suit even though he has suffered no special injury to his person or property."

*Zoercher* v. *Alger, supra,* sets out the rule as follows:

". . . The rule contended for by appellants that the plaintiff must show that he has sustained some injury to his personal or property rights, has been applied in the case of one who brings an action to enforce his private rights; *but such a rule does not serve to prevent the bringing of an action which involves the establishment of public rights. . . .* There is an actual controversy here relative to some right and status of appellees, and they are entitled to maintain this action."

The case of *Dept. of Ins. et al.* v. *Motors Ins. Corp. et al., etc.* (1956), 236 Ind. 1, 12, 138 N.E.2d 157, states:

"This court has also held that a court of equity has jurisdiction to enjoin public officials who are proceeding illegally and improperly under a claim of right, or where the exercise of such jurisdiction is necessary to prevent a multiplicity of suits, or irreparable injury to property. . . ."

See, also, *Sweigart* v. *State* (1938), 213 Ind. 157, 163, 12 N.E.2d 134; *Buck* v. *Indiana Construction Co.* (1923), 79 Ind. App. 329, 138 N.E. 356.

The following portions of appellant's motion to correct errors have been waived (Rule AP. 8.3) and we need not discuss said specifications: Specifications 2 and 3—entirely; specifications 5, 6, 7, 8, and 9, except as they relate to specifications 1 and 4.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 298 N.E.2d 495.