ROBERT HUFFMAN, BILL TOBIAS AND TAYLORSVILLE CONCERNED
CITIZENS, A CLASS ACTION, *v.* EASTERN BARTHOLOMEW WATER
CORPORATION; ROBERT DALMBERT, A RESIDENT AGENT; LLOYD
WHITE, ENGINEER; JACK REYNOLDS, CONTRACTOR; RAY PARKS, MEMBER
OF THE BOARD; ROY BOTTORFF, MEMBER OF THE BOARD; RALPH
MONTGOMERY, MEMBER OF THE BOARD; TOM FINKE, MEMBER OF THE
BOARD; AND BERL CARLTON, MEMBER OF THE BOARD

[No. 1-877A199. Filed June 8, 1978. Rehearing denied July 24, 1978.]

*Richard S. Eynon*, of Columbus, for appellants.

*Robert L. Dalmbert, Dalmbert & Marshall*, of Columbus, for appellees.

LYBROOK, P.J. — On March 11, 1977, the Public Service Commission of
Indiana (PSC) approved the petition of the defendant-appellee Eastern
Bartholomew Water Corporation (EBW Corp.) for authority to borrow
funds for the purpose of extending the water distribution system of the
utility on certain lands within Bartholomew County.

Subsequent to this approval, the Bartholomew Circuit Court issued
a temporary restraining order, which was petitioned for by the ap-
pellants, blocking the EBW Corp. from beginning expansion of its water
distribution program. On July 28, 1977, the hearing on the appellants'
petition for preliminary injunction was held, wherein the EBW Corp.
filed a motion to dismiss said petition based on the theory that the Bar-
tholomew Circuit Court did not have subject matter jurisdiction in this
case. The court sustained the motion and dismissed the cause. Appellants
filed their notice of appeal and a praecipe on August 2, 1977, and this
appeal resulted.

Appellants apparently misconstrued the granting of appellees' motion by the trial court as an interlocutory order; as a result, appellants filed a Notice of Appeal and Praecipe for record of the proceedings in order to perfect this appeal. However, the dismissal of this cause via the granting of a TR. 12(B)(1) motion is not an interlocutory order, but a final judgment. *City of Hammond v. Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119. After a final judgment, appellants were required to file a TR. 59 Motion to Correct Errors in order to preserve their appeal. Indiana Rules of Procedure, TR. 59(G); Indiana Rules of Appellate Procedure, AP. 7.2(A)(1)(a); *Indiana State Personnel Board v. Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448. The record shows no such filing of a motion to correct errors and, therefore, the appellants have failed to preserve any error to present to this court. *Gray v. State* (1971), 256 Ind. 447, 269 N.E.2d 535.

For the above reasons, this court dismisses the above cause, *sua sponte.*

Dismissed.

Lowdermilk and Robertson, JJ., Concur.

NOTE—Reported at 376 N.E.2d 1171.