ROY H. HASTE, DAVID KOSS, GLORIA M. SCHWARTS, ET AL., *v.*
INDIANAPOLIS POWER & LIGHT COMPANY

[No. 2-1076A392. Filed November 28, 1978. Rehearing denied December 26, 1978.
Transfer denied April 27, 1979.]

*Robert V. Bridwell, Paul Hirsch, Haymaker, Hirsch & Fink*, of Indianapolis, for appellants.

*Alan W. Boyd, Jerry P. Belknap, Jon D. Noland, Marcus E. Woods*, Of Counsel, *Barnes, Hickam, Pantzer & Boyd*, of Indianapolis, for appellee.

YOUNG, J. — Plaintiffs challenge the trial court's decision to dismiss their complaint.[1] The trial court took this action in response to a motion to dismiss asserting lack of subject matter jurisdiction. Ind. Rules of Pro-

---

1. The trial court's entry states: "Court, having heretofore taken Defendant's Motion to Dismiss under advisement, and being duly advised now finds for Defendant on said Motion. Motion to Dismiss sustained." IPALCO's motion was filed pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(1). This entry by the court is final and appealable. *See City of Hammond v. Board of Zon. App.* (1972), 152 Ind. App. 480, 284 N.E.2d 119, 124; *Dawson v. Wright* (1955), 234 Ind. 626, 129 N.E.2d 796, 798; *Huffman v. Eastern Bartholomew Water Corp.* (1978), 176 Ind.App. 580, 376 N.E.2d 1171; *compare Constantine v. City-County Council of Marion County* (1977), 267 Ind. 279, 369 N.E.2d 636 (entry of trial court which merely sustained motion to dismiss pursuant to TR. 12(B)(1) and (6) is not final and appealable).

cedure, Trial Rule 12(B)(1). The sole issue before us is whether the trial court had subject matter jurisdiction. We conclude that it did not, thus we affirm.

The events giving rise to this appeal are as follows. On June 26, 1975, the Public Service Commission of Indiana ("Commission") approved a request by the appellee, Indianapolis Power & Light Co. ("IPALCO"), for a change in IPALCO's fuel cost adjustment charges.[2] The merits of the Commission's order are not before us. We do, however, set forth so much of the order as is necessary to decide this appeal. In pertinent part the order stated:

"6.   Applicant [IPALCO] should be authorized to collect such fuel adjustment charges per KWH billed *effective on all bills rendered by Applicant for electricity on and after the effective date of this order*; provided, that for any customer such fuel cost adjustment charges shall be in effect for not less than a monthly billing cycle. . . .

"....

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that Applicant be, and it hereby is, authorized to collect fuel cost adjustment charges in accordance with finding 4 hereof effective on all bills rendered by Applicant for electricity on and after the effective date of this order . . . ." (emphasis added.)

The effective date of the order was June 26, 1975, the same date on which the Commission handed down the decision. IPALCO, which bills its customers for electricity received prior to the billing date, put the order into effect at once. Accordingly, one consequence of the order was to increase electric bills for electricity furnished prior to the effective date of the order.[3] Thus, in common parlance it could be said that the

2.   A certified copy of the Commission's order was attached to the motion to dismiss filed by IPALCO in the trial court. We accept this copy as adequate proof of an official record. *See* TR. 44(A).

3.   The billing procedure utilized by IPALCO was described in IPALCO'S motion to dismiss. The motion was sworn to by an officer of IPALCO and the plaintiffs did not controvert it. Consequently, we accept IPALCO'S description as accurate for purposes of reviewing the trial court's decision. *Carvey v. Indiana Natl. Bank* (1978), 176 Ind.App. 152, 374 N.E.2d 1173, 1174 n.1; *State ex rel. Latham v. Spencer Circuit Court* (1963), 244 Ind. 552, 194 N.E.2d 606, 608; *Key v. State* (1956), 235 Ind. 172, 132 N.E.2d 143, 147.

order had a retroactive effect. This alleged effect is readily ascertainable from a reading of the order.[4]

At this juncture, parties, such as the appellants, who were aggrieved by the Commission's order could have appealed to the Court of Appeals. *See* IC 1971, 8-1-3-1 (Burns Code Ed.); Ind. Rules of Procedure, Appellate Rule 4(C). If the Commission's order were subsequently reversed on the merits, then IPALCO would be obligated to refund the amounts collected pursuant to the Commission's order. IC 8-1-3-6.

However, the appellants abandoned this statutory remedy. The appellants opted to file an action in the Marion Circuit Court. In this action they alleged that IPALCO, acting pursuant to the Commission's order, unlawfully applied the order retroactively. For relief, the appellants prayed the Court to award as damages the amount collected by IPALCO pursuant to the order.[5]

The appellants' decision to abandon the statutory remedy is fatal. The Legislature has determined that parties aggrieved by orders of the Commission may challenge such decisions by proceeding in the manner prescribed by IC 8-1-3. The procedure established by the Legislature was fully capable of protecting the rights of the appellants. Because the Legislature has established this statutory procedure, Indiana trial courts now lack subject matter jurisdiction over those disputes which fall within the ambit of IC 8-1-3. *State ex rel. Indianapolis Water Co. v. Boone Circuit Court* (1974), 261 Ind. 583, 307 N.E.2d 870; *Indianapolis P. & L. Co. v. Highland Realty Co.* (1970), 253 Ind. 637, 256 N.E.2d 394; *State ex rel. Public Service Comm'n v. Marion*

---

4. The appellants apparently were quick to believe that the order had an alleged retroactive effect. This is evidenced by the fact that their lawsuit was filed only twenty-six days after the date of the order. The gist of appellants' claim against IPALCO is captured in the following allegation of their complaint: "That the defendant has, pursuant to an order of the Public Service Commission of Indiana under Cause No. 2-75-1 approved June 26, 1975, levied on its customers rates for service a surcharge under a fuel adjustment rider filed under PSCI No. E-11, which fuel cost adjustment surcharge has been levied from the beginning of the billing period of each customer instead of from the effective date of said order, June 26, 1975, thereby applying said surcharge retroactively in violation of law."

5. Note that the relief requested by plaintiffs would afford them the same redress as that supplied by IC 8-1-3-6, *supra.*

*Circuit Court* (1961), 242 Ind. 145, 177 N.E.2d 397; *Decatur County R.E.M.C. v. Public Service Co. of Ind.* (1971), 150 Ind.App. 193, 275 N.E.2d 857; *see Indiana Bell Tel. Co. v. Friedland* (1978), 175 Ind.App. 622, 373 N.E.2d 344. Consequently, the trial court properly dismissed this action for lack of subject matter jurisdiction.

The appellants assail the trial court's decision on various grounds. First, they argue that they possessed a "common law" right to sue IPALCO. The appellants have cited to us no authority, and we have found none, which would permit aggrieved parties to ignore an adequate statutory remedy and resort instead to a common law action to challenge the merits of the Commission's order. The appellants also sprinkle their discussion with suggestions that the order was defective because it was retroactive. This suggestion concerns the merits of the order and cannot now be considered by us. This is because the appellants abandoned their statutory opportunity to review the merits of the order. Another suggestion tendered by the appellants is that the Commission would have no power to award the damages which the appellants seek in their lawsuit. Be that as it may, we note that IC 8-1-3-6, *supra*, would afford appellants equivalent redress. Finally appellants complain that the order is ambiguous. However, appellants do not explain why any asserted ambiguity would excuse their noncompliance with IC 8-1-3.[6] In any event, we find no ambiguity.

The second argument raised by appellants is that IC 8-1-2-105, 107, and other statutory provisions, reserve to them a right of action against IPALCO. Again, we find no authority which would permit appellants to ignore IC 8-1-3, and found a cause of action on other statutory provisions.

The appellants' third contention is that they were not aggrieved by the Commission's order *per se*; but rather by the "wrongful application" of the order by IPALCO. This argument is superficial. The appellants' complaint clearly alleges that IPALCO's conduct was undertaken "pursuant to an order" of the Commission. Their complaint thus reveals that

---

6. The asserted ambiguity could not have disabled appellants from initiating the statutory review procedure. This is obvious because appellants were promptly aware of their alleged injury as evidenced by the fact that they filed their lawsuit before expiration of the thirty day period within which to initiate judicial review. *See* IC 8-1-3-1.

the source of their alleged injury is clearly the order itself. There is an adequate statutory remedy to challenge that order. We will not permit the appellants to circumvent that remedy.

Finally, the appellants claim that under the doctrine of primary jurisdiction, they should be permitted to pursue their lawsuit in the trial court. We reiterate that the issue of jurisdiction has been foreclosed by the Legislature. *See* IC 8-1-3 and our discussion, *supra*.

Affirmed.

Chipman, P.J., concurs.

Miller, J., concurs.

NOTE — Reported at 382 N.E.2d 989.