**SCHENKEL ENTERPRISES, INC., Connie L. Makin, and Dwanna Kaczor, et al., Plaintiffs-Appellants,**

v.

**INDIANA & MICHIGAN ELECTRIC COMPANY, an Indiana Corporation, Defendant-Appellee.**

No. 3–976A223.

Court of Appeals of Indiana, Third District.

Sept. 5, 1979.

Rehearing Denied Oct. 23, 1979. See 395 N.E.2d 832.

Robert L. Thompson, Jr., Peebles, Thompson, Rogers & Hamilton, Richard C. Ver Wiebe, Ver Wiebe, Snow & Miller, Fort Wayne, Byron C. Kennedy and Richard K. Helm, Rockhill, Kennedy, Pinnick, Sand, Bennett & Pequignot, Warsaw, for plaintiffs-appellants.

Thomas W. Yoder, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Max E. Reed, Warsaw, for defendant-appellee.

HOFFMAN, Judge.

Schenkel Enterprises, Inc., Connie L. Makin and Dwanna Kaczor[1] brought this suit for damages against the Indiana & Michigan Electric Company (I & M), alleging the I & M had collected electric service rates in excess of those authorized by the Public Service Commission. Pursuant to Ind. Rules of Procedure, Trial Rule 12(D), I & M filed an application for a preliminary determination of the issue of the trial court's jurisdiction of the subject matter of the suit. Following a two-day hearing on that application, the trial court concluded that it had no subject-matter jurisdiction and dismissed the suit.

1. This suit was ostensibly brought as a class action on behalf of all customers of I & M. However, the record does not show that an order, pursuant to Ind. Rules of Procedure, Trial Rule 23(C), was ever issued determining that the suit could be so maintained.

■ Schenkel, et al., argue that the dismissal was improper because their complaint sought damages, a form of relief which the Public Service Commission had no power to grant. They also argue that the dismissal below must be treated as a summary judgment and that since it was not supported by sufficient findings it must be reversed.

The voluminous record which is before this Court on appeal discloses that a number of hearings were held by the Public Service Commission in order to consider the role of Fuel Adjustment Clauses in electric utility rate schedules. The record also discloses that appellants intervened in the hearings involving I & M and actively opposed the adoption of any rate schedule which would include an automatic fuel adjustment clause. As a result of their participation in these rate proceedings, appellants had ample opportunity to familiarize themselves with the terms of the Commission's orders at the time of issuance and to determine what effect those orders would have on I & M's subsequent rates. Yet, when the Commission issued its final orders permitting the inclusion of fuel clauses in future rate schedules, Schenkel, et al., did not pursue the appeal provided by IC 1971, 8–1–3–1 et seq. (Burns Code Ed.).

Had Schenkel, et al., appealed the Commission's decision, and had the rate schedules been overturned on appeal, Schenkel, et al., would have been entitled to a refund of any excess charges collected pursuant to such schedules.

IC 1971, 8–1–3–6 (Burns Code Ed.); Haste v. Indianapolis Power & Light Co. (1978), Ind.App., 382 N.E.2d 989, at 990–991. Thus, the mere fact that these appellants seek money damages is no basis for allowing an independent action to challenge the rate schedules, for an adequate remedy exists in the statutory appeal process. Haste, supra.

■ Appellants argue, however, that IC 1971, 8–1–2–107 (Burns Code Ed.) grants a right to maintain an independent suit for damages arising from allegedly unlawful acts of a utility. In view of the comprehensive provisions for appeal from the Commission's order which are provided by IC 1971, 8–1–3–1 et seq. (Burns Code Ed.), specifically the requirement that any appeal be brought within thirty days of the Commission's order, such an argument provides no refuge for Schenkel, et al., for the reasons which follow.

The essence of appellants' claim is their allegation that the Commission had no power to approve rate schedules which included automatic fuel cost adjustments. They reason that the approval of such schedules is tantamount to an unlawful delegation of the Commission's rate-making authority to the utility itself [2] and that any rate computed in accordance with such schedules is an unlawful one. Thus, they conclude that any utility which charges such a rate engages in unlawful conduct and is subject to suit under IC 1971, 8–1–2–107, supra.

Plainly, such a claim goes directly to the legality of the Commission's order—a matter which is properly raised only on an appeal from the order itself. Haste, supra. It follows that a decision by this Court permitting parties in the position of Schenkel, et al., to raise such issues in an independent lawsuit would amount to a judicial repeal of the thirty-day limitation of IC 1971, 8–1–3–1, supra, by permitting a party to challenge an order of the Commission at any time it saw fit. That is a result which this Court declines to reach.

■ Because appellants have declined to follow the procedure provided by statute for challenging orders of the Public Service Commission, they have abandoned the only available means for asserting their claims. As this Court concluded in Haste, supra, 382 N.E.2d at 990–991, IC 1971, 8–1–3–1 et seq., provides the exclusive remedy for parties aggrieved by the Commission's orders, and trial courts have no subject-matter jurisdic-

2. See: City of Evansville v. Southern Ind. Gas & Elec. Co. (1976), Ind.App., 339 N.E.2d 562, at 594; L. S. Ayres & Co. v. Indianapolis Power & Light Co. (1976), Ind.App., 351 N.E.2d 814, at 838–839.

tion over disputes arising from such orders. Consequently, the court below properly dismissed appellants' complaint.

As a second ground for reversal, appellants argue that the court below erred by failing to enter findings at the time it dismissed the suit. Their argument is based on the premise that the trial court entered a judgment on the pleadings pursuant to Ind. Rules of Procedure, Trial Rule 12(C), and that, because matters outside the pleadings were considered the provisions of Trial Rule 56 governed the entry of that judgment.

A thorough reading of TR. 12 discloses that a trial court is required to follow the provisions of TR. 56 (pertaining to summary judgments) whenever it considers matters outside the pleadings in ruling upon either a motion to dismiss pursuant to TR. 12(B)(6) (failure to state a claim upon which relief can be granted) or a TR. 12(C) motion for judgment on the pleadings. Since neither a TR. 12(B)(6) motion nor a TR. 12(C) motion was filed in this cause, the provisions of TR. 56 were inapplicable. The trial court was, therefore, not required to enter findings.

For all the foregoing reasons, the judgment below is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, P. J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority view that exclusive jurisdiction of appellants' claim lay with the Public Service Commission.

Appellants' second argument urges that the court's action in this case should be considered as (1) a ruling on a motion to dismiss, (2) which considered evidence in addition to the pleadings, and (3) therefore was subject to the requirement of findings and reasons applicable to summary judgments. *See, e. g., Harris v. Y.W.C.A.*

(1968), 250 Ind. 491, 237 N.E.2d 242; *Swartzell v. Herrin* (1969), 144 Ind.App. 611, 248 N.E.2d 38. *But see Brutus v. Wright* (1975), 163 Ind.App. 366, 324 N.E.2d 165.

The record discloses the following course of events. The defendant Indiana & Michigan filed a responsive pleading consisting of a general denial, an assertion that the court lacked subject matter jurisdiction, an assertion that the complaint failed to state a claim upon which relief could be granted, and a counterclaim. I & M then moved pursuant to Indiana Rules of Procedure, Trial Rule 12(D) for a preliminary determination of the jurisdictional question.[1] The trial court set the matter for evidentiary hearing, heard evidence for two days, and then, after consideration, made the following entry:

"The matter of defendant's application for preliminary determination of jurisdictional issues in this cause having been submitted to the Court, and the Court having examined and considered said application, heard the evidence adduced on said issue and having further examined and considered all exhibits offered and admitted into evidence, all pleadings filed herein and all briefs and memoranda of law submitted by counsel, and having taken the same under advisement and being sufficiently advised in the premises, now determines that all legal issues raised by the pleadings in this cause are within the primary jurisdiction of the Public Service Commission of Indiana and that this Court lacks jurisdiction over the subject matter of this cause.

IT IS, THEREFORE, CONSIDERED AND ORDERED BY THE COURT, that plaintiffs' claim and cause of action herein be, and the same is hereby dismissed, and IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the costs of this action be, and the same are hereby taxed to the plaintiffs."

---

1. "Whether made in a pleading or by motion, the defenses specifically enumerated (1) to (8) in subdivision (B) of this rule, and the motion for judgment on the pleadings mentioned in subdivision (C) of this rule shall, upon applica-

tion of any party or by order of court [upon its own motion] be determined before trial unless substantial justice requires the court to defer hearing until trial." (Subdivision (B)(1) asserts lack of jurisdiction over the subject matter.)

I & M urges that the rules applicable to summary judgment which are imported by TR. 12(B) and (C) have no bearing; that, instead, the court's action amounts to the separation and trial of the jurisdictional issue as permitted by TR. 42(B).

I think it unnecessary to engage in the esoterics of whether the hearing constituted a trial. If it did, it was permitted by TR. 42(B) and since appellants made no request for special findings, their argument presents no reversible error. *See* TR. 52.

If, which is more likely, the court merely conducted an evidentiary hearing for the purpose of establishing the facts upon which the jurisdictional question of law depended, such a procedure is authorized by TR. 56(C). The court's statement of its reasons satisfies the requirements of *Harris v. Y.W.C.A., supra.*

The purpose of the code of civil procedure is to facilitate the fair and inexpensive determination of matters in litigation. The procedure here followed by the trial court clearly did so. Clearly, the court's approach was authorized by the rules and the considerations necessary for appellate review were satisfied. There was no error.

I therefore concur.