SCHENKEL ENTERPRISES, INC., Connie L. Makin, and Dwanna Kaczor, et al., Plaintiffs-Appellants,

v.

INDIANA & MICHIGAN ELECTRIC COMPANY, an Indiana Corporation, Defendant-Appellee.

No. 3–976A223.

Court of Appeals of Indiana, Third District.

Oct. 23, 1979.

Robert L. Thompson, Jr., Peebles, Thompson, Rogers & Hamilton, Fort Wayne, Richard C. Ver Wiebe, Ver Wiebe, Snow & Miller, Fort Wayne, Byron C. Kennedy, Richard K. Helm, Rockhill, Kennedy, Pinnick, Sand, Bent & Pequignot, Warsaw, for plaintiffs-appellants.

Thomas W. Yoder, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Max E. Reed, Warsaw, for defendant-appellee.

## ON PETITION FOR REHEARING

### HOFFMAN, Judge.

Schenkel Enterprises, et al., petitions this Court to reconsider our decision rendered in an opinion in this cause handed down September 5, 1979, 393 N.E.2d 268. In order to clarify the factual setting of the case, we make the following observations.

A re-examination by this Court of the six-volume record in this cause has disclosed that Schenkel, et al., intervened and participated in but one of the several rate pro-

ceedings in which I & M's use of Fuel Adjustment Clauses was at issue. *See,* slip opinion at 2. That proceeding was initiated by a petition filed by I & M with the Public Service Commission on September 3, 1974, and supplemented on December 13, 1974. Schenkel, et al., petitioned to intervene before the Commission on January 15, 1975, but not before filing this suit on January 9, 1975. After a hearing, the Public Service Commission entered its final order on May 28, 1975.

The jurisdictional hearing[1] in the court below was conducted on August 21, 1975 and on September 15, 1975. At the time this jurisdictional hearing commenced, however, Schenkel, et al., had appealed from neither the May 28 nor the June 4 orders of the Commission. Because more than thirty days had then passed, any right to appeal from those orders had been forfeited. IC 1971, 8–1–3–1 (Burns Code Ed.); at 270.

That Schenkel, et al., did not participate in earlier Commission hearings (which also resulted in orders allowing I & M to establish rates based on fuel clauses) in no way affects the disposition of this case in our original opinion. We reach that conclusion on the basis of the plain language of the statute governing appeals from the Commission's orders:

"Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court [Court of Appeals] of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court [Court of Appeals] to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient

1. Pursuant to I & M's application under Ind. Rules of Procedure, Trial Rule 12(D).

to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered."

IC 1971, 8–1–3–1 (Burns Code Ed.).

Clearly, if Schenkel, et al., had desired to challenge the legality of any Fuel Adjustment Clauses provided for in those orders, they were entitled to do so within thirty days of those orders, whether or not they had participated in the proceedings before the Commission, provided that they were "adversely affected" and that they met the other statutory conditions placed upon the right to appeal.

Schenkel, et al., have not alleged, nor does it otherwise appear, that they appealed the earlier orders of the Commission to this Court. In fact, there is evidence in the record which shows that they did not. Accordingly, we confirm our original holding that Schenkel, et al., have foregone the exclusive remedy provided by IC 1971, 8–1–3–1, and that they are not entitled to raise the issue of the legality of those orders in an independent lawsuit.

Having re-examined the record in this cause, we conclude that the decision announced in our original opinion was correct. Accordingly, the petition for rehearing is denied.

Petition denied.

GARRARD, P. J., and STATON, J., concur.