Arthur M. TILBURY, Appellant (Plaintiff below),

v.

The CITY OF FORT WAYNE, Indiana, the Fort Wayne Department of Community Development and Planning: and the Fort Wayne Housing and Neighborhood Development Services, Inc. (Neighborhood Care, Inc.), Appellee (Defendants Below).

No. 3–584A143.

Court of Appeals of Indiana, Third District.

Dec. 13, 1984.

---

Mark Paul Smith, Krueckeberg & Smith, Professional Corp., Fort Wayne, Charles C. Fraze, Albion, for appellant.

George Martin, Burt, Blee, Hawk & Sutton, Douglas E. Miller, Barrett, Barrett & McNagny, Fort Wayne, for appellee.

STATON, Presiding Judge.

Arthur W. Tilbury appeals from a Summary Judgment granted in favor of the City of Fort Wayne and others on Tilbury's complaint that city officials conspired to deprive him of lucrative construction contracts for which Tilbury was the lowest of several bidders. Tilbury's action is based upon Ind.Code 24–1–2–3 (Burns Code Ed., 1982) which prohibits schemes or combinations to restrain or restrict bidding for contracts for private or public work. He claims that Ind.Code 24–1–2–7 (Burns Code Ed.1982) gives him a private right of action for damages against violators of the criminal prohibition. The trial court ruled that the named defendants were in effect one entity, i.e., the City of Fort Wayne, and Tilbury could not recover absent an allegation of a "scheme, contract or combination" between agents of more than one entity.[1]

The sole issue necessary to our decision on review is

Whether, under IC 24–1–2–3, the agents or officials of a single entity can be liable for a "scheme, contract, or combination" to restrict competitive bidding.

Affirmed.

Tilbury filed his action in September, 1981 seeking a restraining order and permanent injunction against Neighborhood Care, Inc. of Allen County, to prevent that agency from awarding four contracts to contractors other than Tilbury. Neighborhood Care, Inc. is a quasi-public corporation of the City of Fort Wayne and a department of the Fort Wayne Department of Community Development and Planning. The principal purpose of the corporation is the financing of rehabilitation of homes in certain areas of Fort Wayne. Each of the four contracts in dispute were for rehabilitation work on approximately fifteen houses. Tilbury was the low bidder on each contract.

---

1. We remind counsel for appellant that Appellate Rule 8.3(A)(4) requires the statement of the case section of the Brief to include the course of the proceedings below and a verbatim statement of the judgment. Although the argumentative and conclusory statement included in appellant's Brief does not comply with this requirement, we prefer to reach the merits of a case where possible and do so here.

Neighborhood Care filed a motion for continuance alleging that three of the four contracts had been awarded prior to the filing of Tilbury's suit and the fourth contract had been withdrawn due to the wide discrepancy between Neighborhood Care's own estimate and Tilbury's low bid and the next lowest bid. Later, in its answer, Neighborhood Care admitted that Tilbury was the lowest bidder but denied that he was the responsible, lowest and best bidder. In June, 1983 the court permitted Tilbury to file an amended complaint which: deleted the request for injunction; sought relief under the Indiana anti-trust laws; expanded the named defendants to include the City of Fort Wayne and the Department of Community Development and Planning; and, increased the amount of damages sought. The trial court granted the defendants' motion for judgment on the pleadings and summary judgment on February 7, 1984.

Tilbury claims that his complaints to the City and to the Federal Housing and Urban Development Department regarding ambiguities and irregularities in the contract specifications and bidding procedures caused certain city officials to develop "personal vendettas" against him; later, these officials schemed to deny city work to Tilbury. Tilbury does not allege that city officials conspired or schemed with other contractors or with anyone outside the city government. It is undisputed that all of the named defendants are branches of the same entity, the City of Fort Wayne. Furthermore, it is undisputed that all of the individuals, upon whose acts Tilbury bases his recovery, are agents or officials of the City of Fort Wayne.

■ Because the parties agree that upon the issues raised, there is no factual dispute, our task is to determine whether the trial court correctly applied the law when it granted summary judgment. *Integrity Insurance Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347.

Article 1 of Title 24 of the Indiana Code is the general Indiana anti-trust statute. It regulates contracts to prevent competition (IC 24–1–1–1 through 6), combinations restraining trade (IC 24–1–2–1 through 12), combinations to prevent sale of supplies (IC 24–1–3–1 through 5) and two other areas of anti-competitive activity. Under Chapter 2, Combinations Restraining Trade, section 1 is a general prohibition against schemes, contracts or combinations in restraint of trade.[2] Section 3, under which Tilbury makes his claims, specifically prohibits any scheme, contract or combination in restraint of bidding for contracts.[3] Violation of either section constitutes a Class A misdemeanor. IC 24–1–2–7[4] gives a private

2. "[IC] 24–1–2–1. Combinations to restrain trade or prevent competition—Act of 1907.— Every scheme, contract, or combination in restraint of trade or commerce, or to create or carry out restrictions in trade or commerce, or to deny or refuse to any person participation, on equal terms with others, in any telegraphic service transmitting matter prepared or intended for public use, or to limit or reduce the production, or increase or reduce the price of merchandise or any commodity, or to prevent competition in manufacturing, within or without this state, is illegal, but this chapter may not be construed to apply to or repeal, modify or limit, or make unlawful any of the powers, rights or privileges now existing or conferred by law upon any person. A person who makes such a contract, engages in such a combination, or enters into such a scheme, or does within this state any act in furtherance of such a contract, combination, or scheme entered into without this state, commits a class A misdemeanor. However, it

is defense to any action growing out of any violation of any law relating to the subject-matter of this chapter for the defendant to prove that the violation is not in restraint of trade or commerce, or does not restrict trade or commerce, limit or reduce the production, or increase or reduce the price of merchandise or any commodity, or prevent competition in manufacturing."

3. "[IC] 24–1–2–3. Restricting competition— Penalty.—A person who engages in any scheme, contract, or combination to restrain or restrict bidding for the letting of any contract for private or public work, or restricts free competition for the letting of any contract for private or public work, commits a class A misdemeanor."

4. "[IC] 24–1–2–7. Private action—Damages —Penalty.—Any person who shall be injured in his business or property by any person or corporation by reason of the doing by any

right of action to an individual who is injured in his business or property by violations of IC 24–1–2–1 to 24–1–2–12. Although Tilbury makes an issue of the fact that the trial court omitted any mention of IC 24–1–2–7, it is axiomatic that before one may take advantage of the statute, there must have been a violation of one of the prohibitory provisions upon which it is based. Thus, the trial court properly proceeded to look first at Tilbury's allegation of violation of IC 24–1–2–3.

 There being a dearth of decisional case law construing IC 24–1–2–3, the court relied upon precedent construing other sections of the anti-trust law. It is a well-settled maxim of statutory construction that statutes are not to be considered as "isolated fragments of the law." *Walgreen Co. v. Gross Income Tax Division* (1947), 225 Ind. 418, 75 N.E.2d 784, 785. Two statutes dealing with the same subject matter should be construed consistently and harmoniously where possible. *Matter of Lemond* (1980), 274 Ind. 505, 413 N.E.2d 228, 246, n. 15; *Bd. of Medical Registration and Examination v. Turner* (1960), 241 Ind. 73, 168 N.E.2d 193, 197.

In *Rumple v. Bloomington Hospital* (1981), Ind.App., 422 N.E.2d 1309, this Court held that an action brought under IC 24–1–2–1 required an agreement between two entities, thus to the extent that plaintiff's allegations asserted that a radiologists' group was a monopoly in and of itself, the statute didn't apply. 422 N.E.2d at 1315, n. 1. The *Rumple* court cited the case of *Orion's Belt, Inc. v. Kayser-Roth Corp.*, (S.D.Ind.1977), 433 F.Supp. 301 in which the court also considered the requisites of an action under IC 24–1–2–1. Looking to decisional law under the Sherman Anti-Trust Act, 15 U.S.C. § 1, after which the Indiana act is patterned, the court held that a violation of the Indiana statute required an allegation of concerted action between separate business entities.

Because the plaintiff alleged only unilateral action by the defendant, his claim was insufficient under IC 24–1–2–1, 433 F.Supp. at 303. An analogous case dealing with securities fraud alleged a conspiracy by a broker and the corporation issuing the securities. *Soft Water Utilities, Inc. v. LeFevre* (1974), 159 Ind.App. 529, 308 N.E.2d 395. The court found the broker to be an agent of the issuing corporation and held that since conspiracy requires at least two persons or entities and since the acts of the agent are the acts of the corporation, the corporation could not conspire with its own agent who was acting within the scope of his authority, 308 N.E.2d at 399.

 As we noted previously it is undisputed that all of the named defendants are in fact, branches or departments of the City of Fort Wayne; they are in effect but a single entity—the municipal government of the City of Fort Wayne. The individuals named by Tilbury were all officials or agents acting by or on behalf of that entity, albeit in different departments. It is clear then that the City of Fort Wayne cannot scheme, contract or combine with itself in violation of IC 24–1–2–3. There being no basis for a violation, there can be no basis for Tilbury's private action under IC 24–1–2–7. The judgment of the trial court is affirmed.

HOFFMAN and GARRARD, J., concur.

---

person or persons, of anything forbidden or declared to be unlawful by this act [24–1–2–1 —24–1–2–12], may sue therefor in the circuit or superior court of any county in which the defendant or defendants, or any of them, re-

side or are found without respect to the amount in controversy, and shall recover a penalty of three-fold the damages which may be sustained, together with the costs of suit, including a reasonable attorney's fee."