Damien T. CRISTIANI, on behalf of himself and all Citizens and Taxpayers of Clark County, Indiana, Appellant–Plaintiff,

v.

CLARK COUNTY, INDIANA SOLID WASTE MANAGEMENT DISTRICT; Clark Nickles, d/b/a Clark County Compost; The City of Jeffersonville, Indiana; The City of Charleston, Indiana; and The Town of Sellersburg, Indiana, Appellees–Defendants.

No. 10A01–9603–CV–105.

Court of Appeals of Indiana.

Dec. 26, 1996.

Rehearing Denied March 3, 1997.

Peter G. Tamulonis, Candace L. Sage, Kightlinger & Gray, Indianapolis, for appellant.

Frank C. Capozza, Offer Korin, Katz & Korin, Indianapolis, Mark A. Holloway, Stephenson Daly Morow & Kurnik, Indianapolis, for appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Damien T. Cristiani, on behalf of himself and all Citizens and Taxpayers of Clark County, Indiana ("Cristiani") appeals from the trial court's judgment on the pleadings in favor of Clark County, Indiana Solid Waste Management District ("The District"), and judgment on the pleadings and summary judgment in favor of Clark Nickles, d/b/a Clark County Compost ("Nickles"). The judgments upheld the composting contract which the District had entered into with Nickles.

We affirm.[1]

### ISSUES

Cristiani presents several issues for our review which we restate as:

1. Whether the District was required to comply with the terms of the Competitive Bidding Statute, Indiana Code § 36–1–12.

2. Whether Cristiani failed to comply with the requirements of the Public Lawsuit Statute, Indiana Code § 34–4–17.

### FACTS

Indiana law required the District to establish a composting facility by September 30, 1994. To meet that deadline, the District solicited proposals from interested contractors. During a special meeting on February 8, 1994, the District concluded that most of the contractors who responded to its request for proposals had failed to address all categories within the request. The District was advised that it could reject all proposals and either reissue a revised request for proposals or invite bids pursuant to Indiana's competitive bidding laws.

The District then rejected all of the proposals, and in compliance with Indiana Code § 36–1–12 et seq., invited bids. Cristiani and Nickles, among others, bid for the composting contract. On April 21, 1994, the District voted to accept Nickles' proposal, as he was determined to be the "lowest responsible and responsive bidder." Nickles began operating the composting facility in September of 1994. However, the District and Nickles did not execute their contract and addendum (hereinafter the "agreement") until February 21, 1995.

On March 21, 1995, Cristiani filed a complaint challenging the propriety and legality of the agreement. Specifically, the complaint alleged that the agreement entered into between the District and Nickles contained substantial and material variations from the original bid specifications and that the agreement violated the laws and public policy of the State of Indiana. Cristiani sought a declaratory judgment that the agreement was void and an order prohibiting the District from paying any sum of money to Nickles. The District moved for judgment on the pleadings, alleging that Cristiani's complaint failed to state a claim for relief and that Cristiani lacked standing. Nickles then filed its motion for judgment on the pleadings and for summary judgment, which mirrored the allegations contained in the District's motion. The court granted both motions and stated:

> This matter comes before the Court upon Defendant, Clark County, Indiana Solid

1. We heard oral argument on October 30, 1996.

Waste Management District's Motion for Judgment on the Pleadings and Defendant Clark Nickles, d/b/a Clark County Compost's Motion for Judgment on the Pleadings and for Summary Judgment.

The Court read and studied the Motions, Briefs and Affidavits that were filed.

IT IS THEREFORE ORDERED by the Court that there being no just reason for delay, the Clerk is directed to enter judgment on the pleadings for the Defendant Clark County, Indiana Solid Waste Management District and Judgment on the Pleadings and Summary Judgment for Defendant, Clark Nickles, d/b/a Clark County Compost.

This is a final judgment.

Record at 281. Cristiani now appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ A judgment on the pleadings pursuant to Indiana Trial Rule 12(C) is proper only when there are no genuine issues of material fact and the facts shown by the pleadings clearly entitle the movant to judgment. *Bell v. State Bd. of Tax Comm'rs*, 651 N.E.2d 816, 818 (Ind.Tax 1995). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Trial Rule 56. Ind. Trial Rule 12(C); *Marsh v. Paternity of Rodgers by Rodgers*, 659 N.E.2d 171 172 n. 1 (Ind.Ct.App.1995).

■ Here, Nickles and Cristiani both designated evidence outside the pleadings for judicial consideration, while the District submitted only its pleadings. Regardless of the procedural posture, the material facts in this case are not in dispute. When we are presented with questions of law, our standard on

review of legal determinations is the same whether we consider a motion to dismiss or a motion for summary judgment. *Indiana & Michigan Elec. Co. v. Terre Haute Indus., Inc.*, 467 N.E.2d 37, 42 n. 2 (Ind.Ct.App. 1984). We must determine whether the trial court erred in its application of the law. *Id.*

### Issue One: Competitive Bidding Statute

Cristiani contends that the District was required to comply with the Competitive Bidding Statute, Indiana Code § 36–1–12 *et. seq.* Specifically, Cristiani argues that once the District decided to award the contract under this statute, it was required to adhere to its provisions but failed to do so.

Indiana Code § 13–9.5–8–2, the statute then in effect, provided the District with the power to award a contract and stated:

Notwithstanding any other statute, a contract entered into between the board and any person under this chapter may be awarded by the board by:

(1) Public bidding in compliance with IC 36–1–12; *or*

(2) Compliance with section 3 [IC 13–9.5–8–3] of this chapter.

I.C. § 13–9.5–8–2 (repealed by P.L. 1–1996, Sec. 99) (emphasis added).[2]

When interpreting a statute, the foremost objective is to determine and give effect to the legislative intent. *JKB, Sr. v. Armour Pharmaceutical Co.*, 660 N.E.2d 602, 605 (Ind.Ct.App.1996), *trans. denied.* The court will not interpret a statute that is clear and unambiguous on its face. *Peele v. Gillespie*, 658 N.E.2d 954, 958 (Ind.Ct.App.1995), *trans. denied.* Rather, the words are to be given their plain, ordinary and usual meaning. *Id.*

■ Here, the District asserts that it retained the power under Title 13 of the Indiana Code to modify the terms of the original bid in negotiating a final agreement.[3]

---

**2.** This statute has since been replaced by Indiana Code § 13–21–6–2 which states:

Notwithstanding any other statute, a contract entered into between a board and any person under this chapter may be awarded by the board by:
(1) Public bidding in compliance with IC 36–1–12; or

(2) Compliance with sections 3 through 8 of this chapter.

**3.** The District argues that all changes made from the original bid specifications and incorporated in the final contract are authorized by Indiana Code § 13–9.4–8–1 which states:

Notwithstanding any other statute concerning the length, duration, and terms of contracts

However, Indiana Code § 13–9.5–8–2 is written in the disjunctive, which indicates that the District may enter into a contract under either Title 13 or Title 36. It is clear that the legislature intended to provide the District with the power to award a contract under one of two options and that once the contracting method has been selected, the District must comply with the statutory terms governing that method.

Here, the District initially issued a request for proposals in compliance with Indiana Code § 13–9.5–8–3, all of which the District subsequently rejected. The District then decided to seek a contract under Indiana Code § 36–1–12 et seq., and it invited bids in response to bid specifications. Through that process, the District accepted Nickles' bid because it concluded that Nickles was the lowest responsible and responsive bidder. At that point, the parties had formed a contract. *Jackson v. Union–North United Sch.*, 582 N.E.2d 854, 857 (Ind.Ct.App.1991) (written proposal of public entity for work to be done, written bid of party to do work and written acceptance of bid constitutes contract even though formal contract has not been executed), *trans. denied.*

Assuming that it had the power under Title 13 to modify the terms of the contract, the District then entered into negotiations with Nickles and signed a final contract substantially different from the original bid. However, once it had accepted a bid under the competitive bidding laws contained in Title 36, the District no longer retained the power to modify the contract under Title 13. The District could not select the provisions it desired from Title 13 and Title 36 and create its own hybrid statutory scheme for awarding a contract. By proceeding under the competitive bidding laws, the District subjected itself to the terms and provisions of that statute.

Still, both the District and Nickles point out that the District's invitation for bids contained a provision which permitted it to negotiate the terms of the contract. That provision states:

> This invitation to bid is not to be construed, in any manner, as a firm offer to require the Directors to enter into a contract. Rather it is to be construed only as a submission of terms with which the submitting bidder will comply during a potential contract term with the Directors and any bid, if accepted as responsive and responsible, shall be subject to final negotiation of terms before formal legal acceptance and implementation.

Record at 169. Under this provision the District reserves the right to negotiate minor modifications before executing the final contract, but this provision cannot be construed as a license for the District to circumvent the competitive bidding laws.

In his complaint, Cristiani averred that in its final contract, the District made more than a twenty percent change of the amount of the original contract as bid. Specifically, Cristiani averred that (1) the tipping fee was increased from $12.75 a month to $13.75 a month; (2) Nickles was guaranteed a $165,000.00 payment, a portion of which was retroactive and predates the contract; (3) the performance bond was reduced from $150,000.00 to $50,000.00; (4) the contract was reduced from a ten-year term to a five-year term; (5) Nickles was not required to provide his own scale as the bid specifications required; and (6) the facility hours were reduced and the facility was permitted to close during the winter months. Record at 11–12. Cristiani argues that these changes violated the competitive bidding laws which prohibit more than a twenty percent increase in the amount of the original contract. IND.

and agreements, a board may enter into a contract or agreement with a person, upon terms and conditions as agreed upon, for the design, construction, operation, financing, ownership, or maintenance of a facility for solid waste management in accordance with the requirements and conditions of this chapter. *Before or after the expiration or termination of the term or duration of any contract or*

*agreement entered into under this chapter, the board, in accordance with the requirements and conditions of this chapter, may from time to time enter into amended, extended, supplemental, new, or further contracts or agreements with the same person or any other person for any purpose referred to in this chapter.* (emphasis added).

CODE § 36–1–12–18(d).[4] He further asserts that the violation of this provision renders the contract void. IND. CODE § 36–1–12–16 (A contract for public work is void if not let in accordance with this chapter).

■ The evidence is undisputed that the District did not execute a final contract in conformity with the bid ·specifications but negotiated substantial and material changes from those specifications. These changes were not accomplished by "change orders" as contemplated by the statute but by private negotiations between the District and Nickles. This process undercuts the purpose of the competitive bidding statute which is to place each bidder on the same footing and safeguard the public against fraud, favoritism, extravagance and improvidence, and to ensure honest competition for the best work or supplied at the lowest reasonable cost. *See Schindler Elevator v. Metropolitan Dev. Comm'n*, 641 N.E.2d 653, 657 (Ind.Ct.App. 1994). In transforming an accepted bid into a final contract, some minor modifications may be necessary to carry out the intent of the parties. However, the competitive bidding laws are violated where, as here, at the inception of the contract, substantial modifications are made through private negotiations.

Considering all facts in a light most favorable to Cristiani, summary judgment on this issue was inappropriate. However, before we can reverse the trial court's judgment on this issue, we must also consider whether Cristiani brought this lawsuit in compliance with the Public Lawsuit Statute.

### Issue Two: Public Lawsuit Statute

The District argues that it is entitled to summary judgment because Cristiani failed to comply with the requirements of the Public Lawsuit Statute, Indiana Code § 34–4–17 *et seq.* We must agree.

■ Indiana Code § 34–4–17 *et seq.* permits citizens or taxpayers of the municipality in question to bring an action questioning the validity or construction of any public improvement by the municipality. *Shook Heavy & Environmental Constr. v. Kokomo*, 632 N.E.2d 355, 359 (Ind.1994). A public lawsuit is defined by statute as:

[A]ny action whereby the validity, location, wisdom, feasibility, extent or character of construction, financing or leasing of any public improvement by any municipal corporation is questioned directly or indirectly, including but not limited to suits for declaratory judgments or injunctions to declare invalid or to enjoin such construction, financing or leasing, and shall mean any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation. This definition, as used in this chapter, shall not be construed to broaden any right of action as is now validly limited by applicable law.

Indiana Code § 34–4–17–1(b). To bring a lawsuit pursuant to the Public Lawsuit Statute, the plaintiff must conform to its provisions. IND. CODE § 34–4–17–2. The "public lawsuit" provisions are grounded in the historical principle that competitive bidding statutes are "enacted for the benefit of property holders and taxpayers and not for the benefit or enrichment of bidders." *Shook Heavy*, 632 N.E.2d at 358.

■ Cristiani, an unsuccessful bidder, brought his lawsuit pursuant to the Public Lawsuit Statute, Indiana Code § 34–4–17 *et seq.* This statute requires the plaintiff to have both the proper legal status and the proper type of lawsuit. *Glosser v. City of New Haven*, 256 Ind. 33, 36, 267 N.E.2d 67, 69 (1971). Because Cristiani is both a citizen and taxpayer of Clark County, he has the proper legal status. *See Board of Comm'rs of Lake County v. Dedelow, Inc.*, 159 Ind. App. 563, 308 N.E.2d 420 (1974) (party proceeding both as officer of corporate contractor and as individual and taxpayer of county was proper under public lawsuit statute). The complaint filed by Cristiani questions the validity of the agreement entered into

---

4. This statute provides:
   The total of all change orders issued that increase the scope of the project may not exceed twenty percent (20%) of the amount of the original contract. A change order issued as a result of circumstances that could not have been reasonably foreseen does not increase the scope of the project.
   I.C. § 36–1–12–18(d).

between the District and Nickles. This is the type of lawsuit contemplated by the Public Lawsuit Statute. *See* I.C. § 34–4–17–1(b) (lawsuit questioning validity of county improvement).

Still, to pursue his lawsuit successfully, Cristiani must conform to the following requirements:

> (b) As a condition precedent to bringing any public lawsuit, *a plaintiff must first exhaust all the administrative remedies available to him under applicable law, including but not limited to the filing of a remonstrance* where the issues raised could have been raised by such filing under applicable law; and no plaintiff may commence a public lawsuit or be named as a party therein unless one of the plaintiffs has complied with this provision.

IND. CODE § 34–4–17–8(b) (emphasis added). The District argues that the lawsuit was properly dismissed because Cristiani failed to exhaust all of his administrative remedies, including the filing of a remonstrance.

Our holding in *Broomes v. City of East Chicago,* 168 Ind.App. 348, 342 N.E.2d 893 (1976) is dispositive. In *Broomes,* this court was asked to determine whether Indiana Code § 34–4–17–8(b) operated to bar the taxpayers' complaint. It was noted in *Broomes* that "law" is defined in Indiana Code § 34–4–17–1 as:

> Reference to "law" as for example, "the law relating to other civil actions," shall mean the statutes, including but not limited to this chapter, and to any applicable rules of the Indiana Supreme Court, adopted before or after March 11, 1967, on any such subject.

*Id.* This court concluded that before Indiana Code § 34–4–17–8(b) will operate to bar an action by a public lawsuit plaintiff, "some statutory remedy before the municipal corporation must be in existence." *Id.* at 351, 342 N.E.2d at 895. We held that because no administrative remedy was available to the taxpayers within the meaning of Indiana Code § 34–4–17–8(b), the appeal was not barred by such section. *Id.* In other words, the statute utilized by the municipal corporation to accept bids must require an adminis-

trative remedy before Indiana Code § 34–4–17–8(b) could possibly operate as a bar to a plaintiff's public lawsuit.

In this case, the bidding process was conducted pursuant to Indiana Code § 36–1–12 *et seq.* That statute does not discuss or require an administrative remedy or procedure prior to filing a public lawsuit. We cannot locate, and the parties do not indicate, any other administrative action Cristiani was required to pursue before filing a public lawsuit. As with the plaintiffs in *Broomes,* there are no administrative remedies available to Cristiani.

The District also argues that Indiana Code § 34–4–17–8(b) requires Cristiani to file a remonstrance even if other administrative remedies are unavailable. The Public Lawsuit Statute states that "a plaintiff must first exhaust all the administrative remedies available to him under applicable law, including but not limited to the filing of a remonstrance ..." I.C. § 34–4–17–8(b). While a party must file a remonstrance as part of the administrative process, when there are no administrative remedies available to a party, Indiana Code § 34–4–17–8(b) is inapplicable. Thus, Cristiani's suit is not barred for failure to file a remonstrance.

■ Finally, the District argues that Cristiani's lawsuit was properly dismissed pursuant to Indiana Code § 34–4–17–8(c). Specifically, the District argues that Cristiani's complaint did not comply with the requirements of the Public Lawsuit Statute because Cristiani failed to establish that he had properly objected at a public hearing. We must agree.

■ Indiana Code § 34–4–17–8(c) states in part:

> Where as a condition precedent to the construction, financing or leasing of a public improvement the municipal corporation is required to hold a public hearing thereon preceded by public notice thereof, and hearing is held and the notice is given in accordance with applicable law, *the plaintiff in a public lawsuit shall not be entitled to raise any issue in the public lawsuit*

*which he could have but did not raise at such hearing. . . .*

(emphasis added). A simple, general objection made at a public hearing without assigning any reason therefor is insufficient to preserve any issue for a public lawsuit under the requirements of Indiana Code § 34–4–17–8(c). *Brutus v. Wright,* 163 Ind.App. 366, 370, 324 N.E.2d 165, 168 (1975).

The legislature has stated that "all public lawsuits *shall* be brought *solely* in conformity with and governed by the provisions of this act." IND. CODE § 34–4–17–2. The Public Lawsuit Statute imposes a number of strict procedural requirements on plaintiffs that are designed to balance the interest of taxpayer scrutiny and expeditious pursuit of public works projects. *Shook Heavy,* 632 N.E.2d at 362 n. 6. One such requirement is an objection at a public hearing. That objection enables the municipal corporation to respond, and if the municipal corporation does not take action or disagrees with the party's objection, the objection at the public hearing preserves the issue for a public lawsuit. *See Brutus,* 163 Ind,App. at 370, 324 N.E.2d at 168. Thus, a plaintiff in a public lawsuit must establish, through an averment in his complaint, either that he made a proper objection at a public hearing or that he did not have the opportunity to object because a public hearing was not held or that public notice was not given as provided by law.

It was incumbent upon Cristiani to establish that he had satisfied the conditions precedent to bringing a public lawsuit before he was entitled to maintain his suit.[5] Cristiani failed to do so. In his complaint, Cristiani neither avers that he objected at a public hearing nor that he was prevented from objecting at a public hearing because no such hearing was held nor that notice was not provided. Because Cristiani failed to satisfy the conditions precedent to bringing a public lawsuit, the trial court properly granted summary judgment in favor of both the District and Nickles. *See Id.* 324 N.E.2d at 168–69 (objection at hearing is condition precedent to questioning issue through public lawsuit and summary judgment appropriate if that condition not satisfied).[6][7]

Affirmed.

BAKER and FRIEDLANDER, JJ., concur.

---

5. By statute, the District was required to hold public hearings and provide notice of those hearings. IND. CODE § 13–9.5–4–2(a), (b). Here, there is no evidence in the record to establish that the District held hearings or provided notice of the hearings in accordance with the statutory requirements. There is also no evidence that Cristiani objected at a public hearing. All parties agreed at oral argument that the minutes of several meetings contained in the record could not be considered on appeal because they were not properly before the trial court. In any event, the minutes do not disclose that Cristiani appeared at the meetings and made a proper objection.

6. Because we conclude that Cristiani failed to comply with the conditions precedent in the public lawsuit *statute,* we need not address Nickles argument that the public lawsuit statute prohibits him from being named a party. We also do not consider Cristiani's argument that Trial Rule 19 required him to join Nickles as a necessary party.

7. We find no merit to Nickles' contention that the lawsuit brought by Cristiani was frivolous, and we deny his request for attorney's fees.