Lee FULLER and Teresa Fuller, as individuals and d/b/a Lee's Hauling, and Eddie Bright, Appellants–Plaintiffs,

v.

The TOWN OF VEVAY, by and through the VEVAY TOWN COUNCIL, Peter Furnish, member of the Vevay Town Council, Hilbert Scudder, member of the Vevay Town Council, Catherine Deems, member of the Vevay Town Council, and Donna Graham, Clerk/Treasurer, Town of Vevay, Appellees–Defendants.

No. 78A04–9808–CV–402.

Court of Appeals of Indiana.

June 22, 1999.

Wilmer E. Goering, II, Eckert Alcorn & Goering, Madison, Indiana, Attorney for Appellants.

Mark A Holloway, Stephenson Daly Morrow & Kurnik, Indianapolis, Indiana, Lisa K. Rosenberger, Vevay, Indiana, Attorneys for Appellees.

## OPINION

GARRARD, Judge

### Case Summary

Lee and Teresa Fuller, d/b/a Lee's Hauling, and Eddie Bright appeal an order granting summary judgment in favor of the Town

of Vevay ("Vevay") and its elected officials. We reverse and remand.

### Issues

The Fullers present various issues which we restate as:

I. Whether the Public Lawsuit Statute was applicable, and if so, whether its requirements were met;

II. Whether the trial court erred in granting summary judgment against the Fullers on their claim that the Vevay Town Council violated the Competitive Bidding Statute when it failed to award the trash service contract to the Fullers; and,

III. Whether the trial court erred in granting Vevay summary judgment on the Fullers' claim of constructive fraud.

### Facts and Procedural History

From 1993 through 1994, curbside trash pickup for the residents of Vevay was provided by a company which was taken over by Rumpke of Indiana, LLC. However, from 1995 through 1996, Lee's Hauling provided trash pickup in Vevay. The Fullers' company also provided curbside recycling pickup for Vevay. In July of 1996, Donna Graham, Vevay's treasurer began keeping a log of "Complaints on Garbage Collection." Record at 193.

In August of 1996, Vevay sought bids for a three-year contract for residential trash collection services. Five bidders responded. The Fullers put in a bid which would charge households a monthly fee of $5.00 for the first year, $5.20 for the second year, and $5.30 for the third year. The Fullers' bid also included the following pass through provision: "Should any State, Local or Federal Surcharges, Taxes or fees be raised, these such charges will be passed on to [Vevay]." Record at 185.[1] Rumpke submitted a bid of $6.00 per household per month for each of

the three years. The three other bids were for more than $6.00 per month per household.

At a September 4, 1996 meeting, the Vevay Town Council opened the sealed bids, but did not vote on them. Rather, the council voted on November 15, 1996 to award the contract to Rumpke. The minutes from the meeting indicated that despite the fact that Rumpke's bid was higher than Lee's Hauling, the council was basing its decision on past performances in the previous years and the response that the council had received from residents.

On November 26, 1996, the Fullers, individually and d/b/a Lee's Hauling, and Eddie Bright filed a complaint against Vevay and its elected officials seeking an injunction and damages. Suing as taxpayers and citizens under count I of their complaint, the Fullers and Bright alleged a violation of the Competitive Bidding Statute. Under counts II and III, Lee's Hauling, as a disappointed bidder, sued Vevay claiming collusion. Vevay and its elected officials moved for summary judgment in April of 1997. After hearing argument on the matter, the trial judge granted summary judgment on July 2, 1998.

### Discussion and Decision

#### I. Public Lawsuit Statute

Since it may be dispositive, we first address Vevay's argument regarding the Public Lawsuit Statute, Indiana Code Section 34-4-17-1 through -8.[2] Vevay asserts that the Public Lawsuit Statute is applicable to this case. Moreover, Vevay contends that the Fullers violated the Public Lawsuit Statute by failing to make a proper objection at a public hearing, by naming individuals as defendants, and by not suing as taxpayers or citizens.

■ A public lawsuit is:

---

1. The Fullers claim that when a question was raised by the Vevay Town Council, the Fullers waived the pass through clause contained in their bid in writing before the council awarded the contract to Rumpke. Record at 633-36. However, the council's advisory attorney advised

them that once the bids were opened, the council could not change a bid.

2. Repealed by P.L.1-1998, SEC. 221 and recodified at IND CODE §§ 34-6-2-72, -86, -124; and IND CODE § 34-13-5-1 through -12.

any action whereby the validity, location, wisdom, feasibility, extent or character of construction, financing or leasing of any public improvement by any municipal corporation is questioned directly or indirectly, including but not limited to suits for declaratory judgments or injunctions to declare invalid or to enjoin such construction, financing or leasing, and shall mean any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation.

IND.CODE § 34–4–17–1(b) [3]. "[T]he public lawsuit statute should be strictly construed to require both a proper legal status *and* type of lawsuit before a plaintiff is required to bring his action exclusively under the provisions of the public lawsuit statute." *Glosser v. City of New Haven*, 256 Ind. 33, 267 N.E.2d 67, 69 (1971). "[T]he Public Lawsuit Statute does not provide ·a new vehicle for disgruntled bidders[.]" *State ex rel. Sekerez v. Lake Superior Court Room 4*, 263 Ind. 601, 335 N.E.2d 199, 200 (1975) (citing *Gariup v. Stern*, 254 Ind. 563, 261 N.E.2d 578 (1970)).

The present suit challenges the award of a three-year trash service contract. It does not directly or indirectly question the validity, location, wisdom, feasibility, extent or character of construction, financing or leasing of a public improvement by a municipal corporation. Strictly construing Indiana Code Section 34–4–17–1(b) as we must, this case is not the type of lawsuit which a plaintiff is required to bring exclusively under the provisions of the Public Lawsuit Statute.

Perhaps anticipating the above discussion and conclusion, Vevay argues as follows:

the Town was required by virtue of Ind. Code § 36–9–30–5, to utilize the Competitive Bidding Statute. Regarding contracts which utilize the Competitive Bidding statute, Ind.Code § 36–1–12–4, the Public Lawsuit Statute provides the exclusive remedy to a taxpayer or citizen who challenges the governmental unit's bidding procedures. *Cristiani v. Clark County*, 675 N.E.2d 715, 719–20 (Ind.App.1996)

(Bidding for operation of a composting facility was the type of lawsuit contemplated by the Public Lawsuit Statute).

Appellee's brief at 13.

Indiana Code Section 36–9–30–5(a) provides: "A unit may contract with persons for the collection or disposal of solid waste. The contract may provide that persons contracted with have the exclusive right to collect or dispose of solid waste under section 4 of this chapter." If such a contract will yield a gross revenue to a contractor of at least $25,000.00 during the time it is in effect, then the unit must comply with Indiana Code Section 36–1–12–4, the Competitive Bidding Statute. IND.CODE § 36–9–30–5(d).

We agree that Indiana Code Section 36–9–30–5 required Vevay to utilize the Competitive Bidding Statute. However, we disagree with Vevay's broad interpretation of *Cristiani v. Clark County*, 675 N.E.2d 715 (Ind.Ct. App.1996), *trans. denied.* In the facts as stated in *Cristiani*, we noted that Indiana law required the Clark County, Indiana Solid Waste Management District to establish a composting facility by September 30, 1994. *Cristiani*, 675 N.E.2d at 716. To meet that deadline, the District solicited proposals from interested contractors. *Id.* After rejecting all of the proposals, the District invited bids, eventually accepting that of Clark Nickles. *Id.* Cristiani, an unsuccessful bidder, filed a complaint questioning the validity of the agreement entered into between the District and Nickles. *Id.* at 719–20. We stated, "[t]his is the type of lawsuit contemplated by the Public Lawsuit Statute." *Id.* at 720. This statement did not imply that for all contracts which utilize the Competitive Bidding Statute, the Public Lawsuit Statute provides the exclusive remedy to a taxpayer or citizen who challenges the governmental unit's bidding procedures. Rather, the Public Lawsuit Statute applied in Cristiani's case because it concerned a public improvement, that is, the establishment of a composting facility.

Unlike the establishment of a composting facility, the awarding of a three-year contract for trash services [4] does not fall within the

---

3. Recodified at IND.CODE § 34–6–2–124.

4. Previously, the trash service contract was awarded on an annual basis.

ambit of "a public improvement" under the Public Lawsuit Statute. Therefore, we return to our original conclusion: the Public Lawsuit Statute does not apply to the Fullers' case.[5] Accordingly, whether the Fullers met the requirements of the Public Lawsuit Statute is irrelevant.

## II. Competitive Bidding Statute

■ In essence, the Fullers argue that they introduced evidence from which it could be inferred that Vevay's decision awarding the trash contract to Rumpke was arbitrary, illegal, corrupt, fraudulent, or capricious. That is, the Fullers contend that genuine issues of material fact exist regarding who is the lowest responsible and responsive bidder under the Competitive Bidding Statute. Therefore, summary judgment should not have been granted.

Our appellate standard of review for summary judgment rulings is well established:

As a reviewing court, we are bound by the same standard as the trial court. The standard is that summary judgment is warranted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. We may only consider those parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters which have been designated by the parties to the trial court for consideration. Any doubt about the existence of a fact or the inference to be drawn from it is to be resolved in favor of the non-moving party.

*Trotter v. Nelson,* 684 N.E.2d 1150, 1152 (Ind.1997) (citations and quotation marks omitted).

The Competitive Bidding Statute provides:

(8) ... the board shall:

(A) award the contract for public work or improvements to the *lowest responsible and responsive bidder;* or

(B) reject all bids submitted.

(9) *If the board awards the contract to a bidder other than the lowest bidder, the*
*board must state in the minutes or memoranda, at the time the award is made, the factors used to determine which bidder is the lowest responsible and responsive bidder and to justify the award.* The board shall keep a copy of the minutes or memoranda available for public inspection.

\* \* \*

(11) In determining whether a bidder is a responsible bidder, the board may consider the following factors:

(A) The ability and capacity of the bidder to perform the work.

(B) The integrity, character, and reputation of the bidder.

(C) The competence and experience of the bidder.

IND.CODE § 36–1–12–4 (emphases added).

The relevant portions of the minutes from the meeting at which the trash contract was awarded are as follows:

The Town council met in their special meeting with all members present. The purpose of this special meeting was to award the contract for the garbage and recycle bids for the next three years. Catherine Deems made the motion to go with Rumpke for the next three years for the garbage and recycle contracts. Hilbert Scudder seconded this motion. All were in favor. The Council mentioned that they realized Rumpke's bid was higher than Lee's Hauling but they were basing their decision on past performances in the previous years and the response that the council had gotten from residents.

\* \* \*

[There was also a handwritten correction indicating that the recycle bid was not awarded].

Record at 202 (spelling errors corrected).

The Fullers introduced evidence that Lee's Hauling has been in the business of providing trash service in Vevay and surrounding communities for many years, that Lee's

---

**5.** Our conclusion that the Public Lawsuit Statute does not apply comports with the trial court's denial of Vevay's petition for the Fullers to post bond. Record at 251. That is, if the Public Lawsuit Statute had applied, a bond would have been necessary.

Hauling has stickers available to communicate with homeowners,[6] that they have an answering machine to take complaints when they are not home, and that they have available eight or nine trucks equipped with two-way radios.

The Fullers also contend that the complaint log is meaningless. In particular, they claim it includes people who failed to have their trash out in time to be picked up; some of the locations on the list are businesses not covered by the residential trash service; and a water heater complaint was improperly placed on the list because the heater did not have a sticker on it and the owner did not complain. Moreover, the Fullers assert that in determining whether Lee's Hauling was responsible for *residential* trash services purposes, the council should not have considered full dumpsters at commercial sites as there are legitimate reasons for commercial dumpsters to be full. They also argue that, contrary to the council's contention, Lee's Hauling did not alter the pickup schedule beyond the parameters of the contract (Fridays between 7:00 a.m. and 7:00 p.m.). Finally, the Fullers note that Vevay did not investigate whether Rumpke was a responsible bidder.

Resolving in favor of the Fullers any doubt about the existence of a fact or the inferences to be drawn therefrom, we conclude that the Fullers introduced evidence sufficient to raise a genuine issue of material fact about the propriety of the award of the trash contract. Accordingly, summary judgment should not have been granted on the competitive bidding issue.

### III. Constructive Fraud

The Fullers also argue that summary judgment should be set aside due to "fraud and collusion—constructive fraud in violation of I.C. § 24–1–2–3." Appellant's brief at 13. Having already concluded that summary judgment should be reversed regarding the competitive bidding statute issue, we need not necessarily examine this contention.

However, we briefly address it in order to provide some guidance upon remand.

Article 1 of Title 24 of the Indiana Code is the general Indiana anti-trust statute. It regulates contracts to prevent competition (IND. CODE 24–1–1–1 through 6), combinations restraining trade (IND. CODE 24–1–2–1 through 12), combinations to prevent sale of supplies (IND. CODE 24–1–3–1 through 5) and two other areas of anti-competitive activity. Under Chapter 2, Combinations Restraining Trade, section 1 is a general prohibition against schemes, contracts or combinations in restraint of trade.

*Tilbury v. City of Fort Wayne,* 471 N.E.2d 1183, 1185 (Ind.Ct.App.1984). Section 3, under which the Fullers make their claims, specifically prohibits any scheme, contract or combination in restraint of bidding for contracts. Violation of either section 1 or 3 constitutes a Class A misdemeanor. *Tilbury,* 471 N.E.2d at 1185. Indiana Code Section 24–1–2–7 gives a private right of action to an individual who is injured in his business or property by violations of Indiana Code Sections 24–1–2–1 through –12. Before one may take advantage of the statute, there must have been a violation of one of the prohibitory provisions upon which it is based—here, Section 3.

It is undisputed that the individuals named by the Fullers were all officials acting by or on behalf of the Town of Vevay. It is clear then that the Town of Vevay cannot scheme, contract or combine with itself in violation of Indiana Code Section 24–1–2–3. *See Tilbury,* 471 N.E.2d at 1186 (concluding that City of Fort Wayne cannot combine with itself in violation of Indiana Code Section 24–1–2–3). There being no basis for a violation, there can be no basis for the Fullers' private action under Indiana Code Section 24–1–2–7. *See also Shook Heavy and Environmental Constr. Group v. City of Kokomo,* 632 N.E.2d 355, 358 (Ind.1994) ("Ind.Code Ann. § 24–1–2–7 confers on private individuals the right to challenge the award of a government contract where the governmental entity *and suc-*

---

**6.** For example, if a resident wishes to have Lee's Hauling pick up an unusual item, the resident places a special sticker, which Lee's Hauling provides, on the item.

*cessful bidder* have engaged in collusion or fraud.") (emphasis added).

Reversed and remanded.

KIRSCH, J. and NAJAM, J. concur.